## OLVERSON v. OLVERSON.

(Court of Appeals of District of Columbia. Submitted September 9, 1923. Decided December 3, 1923.)

### No. 3921.

1. Divorce ⬦⟳38½—Denied to divorced person, who remarried in violation of statute.

Where petitioner was divorced on the grounds of her adultery, and remarried again, notwithstanding Code, § 966, prohibiting such a person from remarrying, she is not entitled to a divorce on the grounds of cruelty and nonsupport.

2. Marriage ⬦⟳54—To protect innocent persons, judicial cognizance taken of status of divorced person who remarried, though prohibited by law from doing so.

Where a spouse, divorced on the grounds of adultery, remarries again, notwithstanding Code, § 966, prohibiting such a person from remarrying, judicial cognizance may be taken of such status, in order to preserve and protect the rights of children and other innocent persons.

Appeal from the Supreme Court of the District of Columbia.

Divorce suit by Anna M. Olverson against Albert F. Olverson. From a decree denying a motion for alimony, and dismissing the bill of complaint, plaintiff appeals. Affirmed.

James A. O'Shea and Raymond Neudecker, of Washington, D. C., for appellant.

S. McC. Hawken and G. F. Havell, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a decree of the Supreme Court of the District of Columbia, denying a motion for alimony and dismissing plaintiff's bill of complaint, praying for a decree divorcing her from the defendant a mensa et thoro on the ground of cruelty and nonsupport.

It appears from the record that the plaintiff and appellant, Anna M. Olverson, was at one time the wife of William C. Heflin, who on the 10th of June, 1914, obtained in the Supreme Court of the District a decree of absolute divorce from her on the ground of her adultery. Because of that decree section 966 of the Code denied to appellant the right to remarry, nevertheless, while still a resident of the District of Columbia and domiciled therein, she married the appellee in the city of Baltimore, state of Maryland, on the 15th of May, 1920, and after the marriage ceremony returned to the District of Columbia, where she continued to reside with the defendant, appellee, until the filing in this case of her complaint against him for a divorce.

[1] By her bill of complaint the appellant demands that she be recognized as the lawful wife of the appellee, and prays in effect that the obligations of the status assumed by her in flagrant defiance of the laws to which she was subject be modified or enforced, as her benefit or advantage may require.

We do not think that the courts of the District can be used for that purpose. The appellant deliberately set at naught a District statute, which she was bound to respect and obey, and she cannot now ask the courts of this jurisdiction to relieve her of the obligations of a relation which she willfully and wrongfully assumed, or to enforce the right to support which would have been hers, had the relation been lawfully contracted in the District.

It is the special duty of courts to discourage infractions of the laws and fixed policies of the particular division of the national domain to which they are accredited, and they cannot aid litigants in securing the benefit of illegal transactions or illegal acts, without bringing such laws and policies into contempt. Judicial tribunals may well decline, therefore, to lend their support to claims which are directly and immediately founded upon a violation of the statutes of their territorial jurisdiction. Morck v. Abel, 3 Bos. & P. 35; Collins v. Blanterm, 1 Smith's Lead. Cases, pt. 2, p. 716; Vandyck v. Hewitt, 1 East, 96; Clugas v. Penaluna, 4 Term Rep. 466; Weymel v. Read, 5 Term Rep. 599; Montefiori v. Montefiori, 1 W. Black. 3ᴏ3; Wilde v. Wilde, 37 Neb. 891, 56 N. W. 724; Lanktree v. Lanktree, 42 Cal. App. 648, 183 Pac. 954, 955; Beard v. Beard, 65 Cal. 354, 4 Pac. 229; Hunter v. Wheate, 53 App. D. C. 206, 289 Fed. 604; Armstrong v. Toler, 11 Wheat. 258, 260, 6 L. Ed. 468; Hall v. Coppell, 7 Wall. 542, 558, 19 L. Ed. 244; Oscanyan v. Arms Co., 103 U. S. 261, 267, 26 L. Ed. 539; Higgins v. McCrea, 116 U. S. 671, 686, 6 Sup. Ct. 557, 29 L. Ed. 764.

We are of the opinion that a husband or wife, divorced on the ground of adultery, who defies the ban of section 966, should not be permitted to take advantage of his or her own wrong, and should be left as found in the relation unlawfully undertaken.

[2] While, however, the courts of the District will refuse a husband or wife relief from a remarriage willfully contracted in violation of the laws of the District, and will not enforce the obligations of the marital status so assumed, if such enforcement will result in benefit or advantage to the wrongdoer only, judicial cognizance may be taken of such status in order to preserve and protect the rights of children and other innocent persons.

The decree appealed from is affirmed, with costs.