## LOUGHRAN et al. v. LOUGHRAN.
### No. 5868.

Court of Appeals of the District of Columbia.

Argued June 8, 1933.

Decided June 26, 1933.

Rehearing Denied Aug. 8, 1933.

W. E. Leahy and James F. Reilly, both of Washington, D. C., for appellants.

R. H. McNeill and George H. McNeill, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This suit was brought in the Supreme Court of the District of Columbia by appellee, plaintiff below, to recover her dower interest in the rents, issues, and profits in the estate of her deceased husband, Daniel Loughran, Jr. The suit was against the trustees of the estate of Daniel Loughran, Sr., the father of Daniel Loughran, Jr. The case was heard upon amended bill and answer, and a decree entered for plaintiff, from which defendants appeal.

It appears that plaintiff married Henry Daye, who obtained a decree of absolute divorce from her in the Supreme Court of the District of Columbia December 12, 1924, on the ground of adultery, the co-respondent in

that proceeding being Daniel Loughran, Jr. Later plaintiff and Daniel Loughran, Jr., were married in Florida on January 16, 1926. In July 1927 Daniel Loughran, Jr., filed a suit for divorce from plaintiff in the corporation court of Alexandria, Va. Plaintiff filed a cross-bill, and on November 8, 1929, the prayers of the cross-bill were granted, and plaintiff was given a divorce a mensa et thoro from Daniel Loughran, Jr., with alimony at the rate of $70 a month. Thereafter Daniel Loughran, Jr., took up his residence in the District of Columbia, where he died on September 6, 1931, leaving a last will and testament, which was filed for probate in the Supreme Court of the District of Columbia. Plaintiff protested the probate of the will on the ground that this was not the domicile of the deceased. Collectors were appointed pending the disposition of the plaintiff's protest in the probate court.

The single question for determination here is whether or not the plaintiff is entitled to her dower interest in the estate of Daniel Loughran, Jr. We are of opinion that the decree of absolute divorce obtained by her first husband, Daye, on the ground of adultery bars the right of plaintiff to recover in this action. Section 966, D. C. Code 1924 (D. C. Code 1929, T. 14, § 63), provides as follows: "A divorce from the bond of marriage may be granted only where one of the parties has committed adultery during the marriage: Provided, That in such case the innocent party only may remarry, but nothing herein contained shall prevent the remarriage of the divorced parties to each other."

It is unnecessary for us to concern ourselves with the legality of the Florida marriage in that state, or with the subsequent divorce proceedings in the state of Virginia, since the disposition of the case is dependent entirely upon the law of the District of Columbia. In so far as the law of the District is concerned, the marriage between plaintiff and Daniel Loughran, Jr., in Florida, if performed in the District of Columbia, would be absolutely void, and the plaintiff, being the offending party against the law of the District, is in no position to enforce any claim against the estate of Daniel Loughran, Jr., growing out of the marriage in Florida.

The case of Olverson v. Olverson, 54 App. D. C. 48, 293 F. 1015, 1016, is decisive of the issue here involved. In that case the wife had been held guilty of adultery in a divorce suit in which she was defendant in the Supreme Court of the District of Columbia. Thereafter she married Olverson in Baltimore. They returned and took up their residence here. The guilty wife brought suit in the District for alimony against the husband she had married in Baltimore. Without regard to the question of the legality of the marriage in Maryland under the Maryland law, this court in denying relief said: "We do not think that the courts of the District can be used for that purpose. The appellant deliberately set at naught a District statute, which she was bound to respect and obey, and she cannot now ask the courts of this jurisdiction to relieve her of the obligations of a relation which she willfully and wrongfully assumed, or to enforce the right to support which would have been hers, had the relation been lawfully contracted in the District. It is the special duty of courts to discourage infractions of the laws and fixed policies of the particular division of the national domain to which they are accredited, and they cannot aid litigants in securing the benefit of illegal transactions or illegal acts, without bringing such laws and policies into contempt. Judicial tribunals may well decline, therefore, to lend their support to claims which are directly and immediately founded upon a violation of the statutes of their territorial jurisdiction. * * * We are of the opinion that a husband or wife, divorced on the ground of adultery, who defies the ban of section 966, should not be permitted to take advantage of his or her own wrong, and should be left as found in the relation unlawfully undertaken."

This opinion is supported by overwhelming authority, and is in every respect decisive of the present case. It is unnecessary to waste time in considering the doctrine of "clean hands" as applicable to this case. Plaintiff by her own unlawful conduct has placed herself without the pale of the law, and cannot be heard in a court of equity to take advantage of her own wrong.

The decree of the court below is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.